UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Case No. _____

| | |
|---|---|
| Jason Rowe,<br>Plaintiff<br><br>v.<br><br>Indeck Energy – Alexandria, LLC,<br>Defendant | **COMPLAINT<br>AND<br>REQUEST FOR JURY TRIAL** |

NOW COMES the plaintiff, Jason Rowe, by and through his counsel, Boynton, Waldron, Doleac, Woodman & Scott, P.A., and respectfully submits this Complaint and Request for Jury Trial, stating in support thereof as follows:

## I. PARTIES

1. The plaintiff, Jason Rowe, is an individual residing at 41 Belgrade Road in Oakland, Maine.

2. The defendant, Indeck Energy - Alexandria, LLC, is a Delaware Limited Liability Company, with a principal place of business at 600 N. Buffalo Grove Road, Suite 300 in Buffalo Grove, Illinois.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, premised on the parties' diversity of citizenship. Mr. Rowe is a citizen of Maine. Indeck Energy - Alexandria, LLC is a citizen of Illinois. The amount in controversy exceeds $75,000.

4. Venue is appropriate in this Court, as it is the district within which the acts and omissions giving rise to the plaintiff's claims occurred.

### III. ALLEGATIONS COMMON TO ALL COUNTS

5.      At all times relevant, the defendant owned and operated a power plant in Alexandria, New Hampshire.

6.      In April of 2015, Jason Rowe was employed by an industrial cleaning company.

7.      The defendant hired Mr. Rowe's employer to clean certain areas of the defendant's power plant.

8.      On April 1, 2015, Mr. Rowe was working inside a confined space that contained a waste water tank.

9.      To clean the tank, Mr. Rowe had to climb down into the tank.

10.     The defendant provided no ladder for Mr. Rowe to climb down into the tank.

11.     Although there had once been a ladder, the ladder appeared to have dissolved or corroded away, and the defendant had not replaced it.

12.     Mr. Rowe brought the fact that the tank lacked a ladder to the attention of the defendant's site supervisor.

13.     The defendant decided and directed that Mr. Rowe perform the work with the ladder missing.

14.     The defendant's site supervisor knew or should have known that Mr. Rowe would be working without the ladder, having directed him to do so.

15.     The defendant required Mr. Rowe to work from the ledge above where the ladder had existed.

16.     The defendant did not ensure that there was a mechanism in place to provide fall protection.

17. The defendant did not provide any form of fall protection, even though the defendant required Mr. Rowe to work at a height where fall protection was required.

18. The defendant knew or should have known that Mr. Rowe was required to work without fall protection.

19. While Mr. Rowe was working, he slipped and fell into the tank.

20. As a result of the fall, Mr. Rowe was severely and permanently injured. Mr. Rowe's injuries include, but are not limited to, numerous damages and losses, serious personal injury, severe and permanent physical and bodily injuries, extreme pain and suffering, significant scarring and disfigurement, the amputation of his leg, nerve damage, numerous medical procedures and therapies, large and continuing medical expenses, emotional distress and mental anguish, loss of enjoyment of life, lost wages, and lost earning capacity, the costs and expenses of litigation. Mr. Rowe will continue to suffer from the injuries, damages and losses of the same for a long time in the future.

### IV. CAUSES OF ACTION

### COUNT I - NEGLIGENCE

21. The plaintiff incorporates by reference the preceding paragraphs as though fully repeated and realleged herein.

22. As the property owner and entity in control of the work, the defendant was responsible at all times relevant for the safety of persons performing work at its power plant, including Mr. Rowe.

23. The absence of a ladder and fall protection, in connection with the height at which Mr. Rowe was working and the slippery surface, constituted an unreasonably dangerous condition.

24. The defendant knew or should have known of this unreasonably dangerous condition.

25.     The defendant owed a duty to Mr. Rowe, including, but not limited to, the duty to provide a safe workplace, the duty to replace the ladder necessary for Mr. Rowe to climb into the tank, the duty to provide fall protection, the duty to protect and guard against unreasonably dangerous conditions on the property, and the duty to otherwise prevent Mr. Rowe from being injured.

26.     The defendant breached its duties of care to Mr. Rowe by, among other things, failing to replace the ladder for Mr. Rowe to climb down, failing to provide fall protection to Mr. Rowe, by failing to prevent, warn, or guard against unreasonably dangerous conditions on its property, by requiring and directing Mr. Rowe to perform work at this worksite and under these conditions, and by failing to otherwise prevent Mr. Rowe from being injured.

27.     The defendant's acts and omissions were the legal, proximate, and factual cause of the Mr. Rowe's injuries.

28.     As a result of the defendant's breaches of its duties of care, Mr. Rowe was severely and permanently injured. Mr. Rowe's injuries include, but are not limited to, numerous damages and losses, serious personal injury, severe and permanent physical and bodily injuries, extreme pain and suffering, significant scarring and disfigurement, the amputation of his leg, nerve damage, numerous medical procedures and therapies, large and continuing medical expenses, emotional distress and mental anguish, loss of enjoyment of life, lost wages, and lost earning capacity, the costs and expenses of litigation. Mr. Rowe will continue to suffer from the injuries, damages and losses of the same for a long time in the future.

## V. JURY TRIAL

29.     The plaintiff respectfully demands a Trial by Jury on all issues so triable.

WHEREFORE, the plaintiff, Jason Rowe, prays this Honorable Court:

    A.    Allow the entry of judgment consistent with the jury's determination on all claims and with the determination for full and fair compensation in favor of the plaintiffs as allowed by law and equity, plus interest and costs; and

    B.    Order all such other relief as equity and justice require.

    Respectfully submitted,

    Jason Rowe

    By his attorneys,

    BOYNTON, WALDRON, DOLEAC,
    WOODMAN, & SCOTT, P.A.

Dated: April 11, 2016    By: /s/ Michael H. Darling_____
    Christopher E. Grant, Bar #6597
    Michael H. Darling, Bar #265326
    82 Court Street
    Portsmouth, NH  03801
    (603) 436-4010